# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and <br> UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> LG ELECTRONICS U.S.A., INC., <br> LG ELECTRONICS MOBILECOMM <br>    U.S.A., INC. and <br> LG ELECTRONICS, INC., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 4:17-cv-00858 <br><br><br><br> PATENT CASE <br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendants, LG Electronics U.S.A., Inc., LG Electronics Mobilecomm U.S.A., Inc. and LG Electronics, Inc. (together "LG"), allege as follows:

## THE PARTIES

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

1

3.       LG Electronics U.S.A., Inc. is a Delaware corporation having a regular and established place of business at 2151-2155 Eagle Parkway, Fort Worth, Texas 76177.  LGE offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas and in the judicial Northern District of Texas.  LGE may be served with process through its registered agent for service in Texas: United States Corporation Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4.       LG Electronics Mobilecomm U.S.A., Inc. is a California corporation having a regular and established place of business in San Diego, California.  LG Electronics Mobilecomm U.S.A., Inc. offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas and in the judicial Northern District of Texas.

5.       LG Electronics, Inc. ("LG Korea") is a corporation organized under the laws of Korea with a principal place of business at LG Twin Tower 128, Yeoui-daero, Yeoungdeungpo-gu, Seoul, Korea.  LG Korea is in the business of manufacturing and selling electronic goods, including cellular telephones, tablets, laptops and televisions.

## JURISDICTION

6.       Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 6,580,422)

7.       Uniloc incorporates paragraphs 1-6 above by reference.

8.       Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,580,422 ("the '422 Patent"), entitled REMOTE COMPUTER DISPLAY USING GRAPHICS

PRIMITIVES SENT OVER A WIRELESS LINK that issued on June 17, 2003. A true and correct copy of the '422 Patent is attached as Exhibit A hereto.

9. Uniloc USA is the exclusive licensee of the '422 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

10. LG makes, uses, offers for sale, sells and/or imports into the United States Android smartphones and tablets, including models LG V30, Q6, G6, G5, G4, V20, V10, G3, K10, Nexus 5X, K10, Nexus 5, K8, Q8, Stylus 3, G2, K8, X power, Stylus 2, K4, K7, G4 Stylus, G5SE, Stylo 3 Plus, K20 plus, G3 Stylus, Magna, X power2, G Flex2, Stylo 2, Nexus 4, Stylus 2 Plus, X cam, X venture, X screen, L70 Dual, G Pro 2, G4 Dual, Leon, K5, G Flex, G3 S, K7, G2 mini, Spirit, Optimus G Pro, L Bello, Optimus G, G Pro Lite Dual, G4 Beat, G Stylo, L Fino, Optimus L7, G4c, L90, G Pro Lite, Zero, K3, L80 Dual, Optimus L5, U, Optimus L9, Optimus L3, L90 Dual, Optimus L1 II and X max, that can communicate wirelessly with Smart LG webOS TVs, including models 4K UHD HDR Smart LED TV, LG SIGNATURE OLED TV W - 4K HDR Smart TV, LG SIGNATURE OLED TV G - 4K HDR Smart TV, E7 OLED 4K HDR Smart TV, C7 OLED 4K HDR Smart TV, B7A OLED 4K HDR Smart TV, SUPER UHD 4K HDR Smart LED TV, SUPER UHD 4K HDR Smart LED TV w/ Nano Cell™ Display, LG SIGNATURE OLED 4K HDR Smart TV, E6 OLED 4K HDR Smart TV, C6 Curved OLED 4K HDR Smart TV, B6 OLED 4K HDR Smart TV, B7 OLED 4K HDR Smart TV, HD 720p Smart LED TV, Full HD 1080p Smart LED TV, Curved OLED 4K Smart TV, OLED 4K and Smart TV using software such as Miracast™, Smart Share™, LG TV Plus and Magic Mobile Connection, to transmit data to such Smart LG webOS TVs that cause the Smart LG TV to display a video image provided by the smartphone or tablet ("Accused Infringing Devices").

11.     The above-identified LG smartphones and tablets are portable computing devices that incorporate wireless transmitters.

12.     The above-identified LG Smart TVs incorporate a video display and a wireless receiver.

13.     The above-identified LG smartphones and tablets can send video signals wirelessly to the above-identified LG Smart TVs.

14.     Upon receipt of the video signals, the LG Smart TVs can convert the signals into digital graphical data for display on the TV screen using the above-identified software.

15.     LG has directly infringed, and continues to directly infringe one or more claims of the '422 Patent in the United States during the pendency of the '422 Patent, including at least claims 1, 3, 6, 8-9, 11, 14, 16-17 and 19-21 literally and/or under the doctrine of equivalents, by or through making, using, offering for sale and/or selling the Accused Infringing Devices that operate as described above.

16.     In addition, should the Accused Infringing Devices be found to not literally infringe the asserted claims of the '422 Patent, use of the devices would nevertheless infringe the asserted claims of the '422 Patent.  More specifically, the devices perform substantially the same function (transmitting video data between wireless devices), in substantially the same way (via delivery from a wireless device such an LG smartphone an LG Smart TV), to yield substantially the same result (generating a video display at the LG Smart TV).  LG would thus be liable for direct infringement under the doctrine of equivalents.

17.     LG has indirectly infringed and continues to indirectly infringe at least claims 1, 3, 6, 8-9, 11, 14, 16-17 and 19-21 of the '422 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale or selling the

Accused Infringing Devices. LG's customers who use such devices in accordance with LG's instructions directly infringe one or more of the foregoing claims of the '422 Patent in violation of 35 U.S.C. § 271. LG directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- www.lg.com, including:

    www.lg.com/us/experience-tvs/smart-tv

    www.lg.com/us/support/tvs/

    www.lg.com/us/support/software-firmware-drivers

    www.lg.com/us/lgeai/HDTV/resources/UserGuides

    www.lg.com/us/support/tvs/connect-devices-guided-setup

- www.youtube.com, including:

    www.youtube.com/watch?=QB6t-rWJpGQ

    www.youtube.com/watch?=fAkEm6PONng

    www.youtube.com/watch?=KeMUW53XhYc

    www.youtube.com/watch?=t0oJKtyMoQ8

    www.youtube.com/watch?=x6UVzxZgvFk

LG is thereby liable for infringement of the '422 Patent under 35 U.S.C. § 271(b).

18. LG has indirectly infringed and continues to indirectly infringe at least claims 1, 3, 6, 8-9, 11, 14, 16-17 and 19-21 of the '422 Patent by, among other things, contributing to the direct infringement by others including, without limitation customers using the Accused Infringing Devices, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented

process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '422 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

19. LG will have been on notice of the '422 Patent since, at the latest, the service of this complaint upon LG.  By the time of trial, LG will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of one or more of claims 1, 3, 6, 8-9, 11, 14, 16-17 and 19-21 of the '422 Patent.

20. LG may have infringed the '422 Patent through other smart devices and software utilizing the same or reasonably similar functionality as described above.  Uniloc reserves the right to discover and pursue all such additional infringing software and devices.

21. Uniloc has been damaged by LG's infringement of the '422 Patent.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against LG as follows:

(A)    declaring that LG has infringed the '422 Patent;

(B)    awarding Uniloc its damages suffered as a result of LG's infringement of the '422 Patent;

(C)    awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(D)    granting Uniloc such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Date: October 20, 2017                                    Respectfully submitted,

/s/ Edward R. Nelson III
Paul J. Hayes (Lead Attorney)
Massachusetts State Bar No. 227000
*Application for Admission to be Filed*
James J. Foster
Massachusetts State Bar No. 553285
*Application for Admission to be Filed*
Kevin Gannon
Massachusetts State Bar No. 640931
*Application for Admission to be Filed*
Michael Ercolini
New York State Bar No. 5029905
*Application for Admission to be Filed*
Aaron Jacobs
Massachusetts State Bar No. 677545
*Application for Admission to be Filed*
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: jfoster@princelobel.com
Email: kgannon@princelobel.com
Email: mercolini@princelobel.com
Email: ajacobs@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nelbum.com
Texas State Bar No. 24061270
**NELSON BUMGARDNER PC**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**